IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 NOV -4  AM 11: 31

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ *cs*
DEPUTY

SHIRLEY KLEIN,

          **Plaintiff,**

-vs-                                    **Case No.  A-14-CA-861-SS**

WELLS FARGO BANK, N.A.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; AMERIPRO FUNDING, INC.; BUCKLEY
MADOLE, P.C.,

          **Defendants.**

## O R D E R

       BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant AmeriPro Funding, Inc. (AmeriPro)'s Motion to Dismiss [#4]; Plaintiff Shirley Klein's Motion to Remand [#6], Defendant AmeriPro's Response [#8], Defendants Wells Fargo Bank, N.A. (Wells Fargo) and Mortgage Electronic Registration Systems, Inc. (MERS)'s Response [#9], and Plaintiff Klein's Reply [#11]; and Defendants Wells Fargo and MERS's Motion to Dismiss [#10].  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion to remand and GRANTING the motions to dismiss.

**Background**

This is the second lawsuit filed by Plaintiff Shirley Klein challenging the foreclosure on the property located at 1601 Eagle Wing Drive, Cedar Park, Texas 78613 (the Property).[1] As previously recounted by this Court, Klein purchased the property in 2008, executing a Note and Deed of Trust in favor of the original lender, AmeriPro. The Deed of Trust named MERS as beneficiary, and as nominee for the lender. In 2011, MERS assigned the Deed of Trust to Wells Fargo (the Assignment). Klein subsequently defaulted, and unsuccessfully tried to obtain a loan modification from Wells Fargo. On October 1, 2013, Wells Fargo purchased the property at a foreclosure sale, and subsequently brought a forcible detainer action to evict Klein from the property.

Klein has now filed this lawsuit in the 26th Judicial District Court of Williamson County, Texas. Klein mainly disputes the validity of MERS's assignment of the security instrument to Wells Fargo and contends Wells Fargo did not comply with certain United States Department of Housing and Urban Development (HUD) regulations governing the foreclosure of mortgage loans insured by the Federal Housing Authority (FHA). Klein brings the following causes of action: (1) breach of contract; (2) violations of the Texas Deceptive Trade Practices Act (DTPA); and (3) a declaratory judgment to quiet title. *See* Notice Removal [#1-1], Ex. A (Orig. Pet.). Wells Fargo and MERS removed the case to this Court on the basis of diversity jurisdiction, alleging both Defendants AmeriPro and Buckley Madole P.C. (Buckley Madole) were improperly joined to defeat diversity. Klein has moved to remand, and Defendants Wells Fargo, MERS, and AmeriPro have moved to

---

[1] In the first lawsuit, Klein sued Defendants Wells Fargo, AmeriPro, and David Ackel. *See* Order of April 3, 2014 [#15] at 1–2, *Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-154 (W.D. Tex. June 27, 2014). The Court first denied Klein's motion to remand and dismissed her claims against Defendants AmeriPro Funding, Inc. and David Ackel without prejudice. *Id.* at 6. Then, following Klein's notice of dismissal, the Court dismissed the remaining claims against Wells Fargo and closed the case. *See* Order of June 27, 2014 [#20].

dismiss.  Buckley Madole does not appear to have been served nor has it made an appearance in this matter.

**Analysis**

**I.      Motion to Remand**

**A.      Legal Standard**

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.*  District courts have original jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Further, the removal statute states diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[2] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  "One way in which a diverse defendant may establish improper joinder is by showing the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted).  The test for improper joinder

---

[2] Similarly, § 1441(b) prevents removal only if one of the "properly joined" defendants is a citizen of the state in which the action is brought.  Thus, an improper joinder makes § 1441(b) inapplicable.

relevant to this case is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In conducting the improper joinder analysis, the Court may consider "summary judgment-type evidence such as affidavits and deposition testimony." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (internal quotation marks omitted).

**B.    Application**

Klein argues remand is appropriate for two reasons: (1) there is not complete diversity between the parties because Defendants AmeriPro and Buckley Madole are citizens of Texas; and (2) the amount in controversy does not exceed $75,000. Neither argument has merit.

First, complete diversity of citizenship exists because Defendants AmeriPro and Buckley Madole were improperly joined. With respect to AmeriPro, Klein alleges AmeriPro originated the loan on the Property and, in so doing, entered a contract. *See* Orig. Pet., ¶¶ 9, 13. Klein, however, does not specifically assert any cause of action against AmeriPro. Klein does suggest AmeriPro may be implicated by her breach of contract claim, but this claim has no reasonable probability of success. *See* Orig. Pet., ¶ 39. After the Assignment in 2011, AmeriPro no longer had any interest in the Property, but all of Klein's breach of contract allegations concern post-origination, post-Assignment loan servicing activities and foreclosure proceedings. In addition, in a section titled "Wells Fargo has No Interest in the Property as MERS had None to Convey," Klein claims "Wells Fargo lacked standing to seek foreclosure of the Deed of Trust as it was conveyed no interest from AmeriPro and from MERS it received only the right to record." Orig. Pet., ¶ 35. To the extent Klein

intended to assert a claim against AmeriPro based on the idea AmeriPro failed to convey any interest in the Property to Wells Fargo, her claim fails. This theory rests on the fatally flawed argument the assignment from AmeriPro to Wells Fargo was wrongful because MERS had no authority to assign the Deed of Trust on AmeriPro's behalf. *See id.*, ¶¶ 31–35. The Fifth Circuit has repeatedly rejected similar attempts to challenge an assignee's standing to foreclose under an assignment from MERS. *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. June 6, 2014) (unpublished) (citing *Farkas*, 737 F.3d at 342 ("MERS and its assigns [are permitted] to bring foreclosure actions under the Texas Property Code.")); *Martins v. BAC Home Loans Servicing*, 722 F.3d 249, 253 (5th Cir. 2013) (holding the assignee of a deed of trust holds the power to foreclose)); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (holding "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor"). A review of the petition makes clear Klein does not allege any facts presenting a reasonable basis for believing she has a viable claim against AmeriPro, meaning AmeriPro was improperly joined, and the Court disregards its citizenship for purposes of diversity.

With respect to Buckley Madole, Klein's allegations relate to actions it took as Wells Fargo's foreclosure counsel. *See* Orig. Pet., ¶¶ 38–44. Attorneys retained as foreclosure counsel enjoy immunity when acting within the scope of their representation. *See, e.g., Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365 (5th Cir. Mar. 18, 2014) (foreclosure firm was immune from suit because it "was retained to assist in the foreclosure, and the actions complained of . . . [were] within the scope of their representation"); *Rojas*, 571 F. App'x at 278; *Tower v. Bank of Am., N.A.*, No. A-13-CA-500-SS, at *6 (W.D. Tex. July 30, 2013) (slip op.). Buckley Madole was asserting Wells Fargo's right to foreclose pursuant to the Texas Property Code and the terms of the Deed of Trust.

Therefore, Buckley Madole is not liable for any of the alleged damages by Klein.  While not entirely clear, Klein's allegations against Buckley Madole appear to be based on the argument the law firm filed fraudulent documents related to the foreclosure of the Property because Wells Fargo lacked the requisite authority to enforce the Note under the assignment from MERS to Wells Fargo.  As stated above, this line of argument has no legal support in this circuit.  Therefore, Buckley Madole, as attorney for Wells Fargo, was improperly joined because there is no basis for recovery against it, and the Court disregards its citizenship in determining diversity jurisdiction.

Second, the amount in controversy does exceed $75,000.  Where a defendant can show, by a preponderance of the evidence, the amount in controversy is greater than the jurisdictional amount, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  The defendant can meet its burden if it is "facially apparent" from the petition the claims probably exceed $75,000 or if the defendant introduces other evidence to show the amount in controversy more likely than not exceeds $75,000.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'"  *Farkas v. GMC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  In other words, "'the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.'"  *Id.* (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).  In *Farkas*, the Fifth Circuit reasoned "[t]he purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by [Defendants] GMAC and Deutsche Bank, establishes the properties as the object of

the present litigation." *Id.* Because the value of the properties clearly exceeded $75,000, the court concluded subject matter jurisdiction existed. *Id.*

Here, Klein seeks "the greater of $10,000 or the actual and exemplary damages, court costs and reasonable attorney fees" as well as a declaratory judgment from the Court "that the foreclosure sale was wrongful and enter an order to void the sale." Orig. Pet., ¶¶ 47–48. According to Exhibit B to Defendants' Notice of Removal, a recent tax appraisal of the Property indicates its current assessed value is $214,831. *See* Notice Removal [#1-2], Ex. B (Appraisal). Therefore, the right to be protected or the extent of the injury to be prevented exceeds $75,000, and the amount in controversy requirement is satisfied.

Disregarding the citizenship of AmeriPro and Buckley Madole, the remaining parties are diverse, and the amount-in-controversy requirement is satisfied. This Court has jurisdiction, and remand is not appropriate.

## II.   Motions to Dismiss under Rule 12(b)(6)

AmeriPro has filed a motion to dismiss, and Wells Fargo, along with MERS, has filed a separate motion to dismiss. As an initial matter, the Court notes Klein has failed to respond to either motion to dismiss, and therefore the Court grants Defendants' motions as unopposed. *See* Local Rule CV-7(e)(2). Nevertheless, the Court briefly addresses the merits of the motions.

## A.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a

motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.    Application**

AmeriPro's motion to dismiss raises essentially the same grounds as those raised in its opposition to the motion to remand. For the reasons stated above, AmeriPro's motion is GRANTED and all claims against it are DISMISSED WITHOUT PREJUDICE, as AmeriPro is not a necessary party to this lawsuit, and there are no factual allegations sufficient to hold it liable under Texas law.

Wells Fargo and MERS's motion to dismiss addresses Klein's allegations against these parties, which fall into three categories: (1) MERS did not have authority to assign the Deed of Trust to Wells Fargo; (2) Wells Fargo failed to conduct a face-to-face interview with Klein before three montly payments on her mortgage went unpaid, allegedly violating HUD regulations incorporated into the Deed of Trust; and (3) Wells Fargo and MERS violated the DTPA when they filed an instrument into the public record reflecting an assignment of the Deed of Trust from MERS to Wells Fargo.

As for category (1), the Court has already explained above why this argument lacks legal merit. In short, Klein was not a party to the Assignment between MERS and Wells Fargo, and she lacks standing to challenge it. *See Reinagel*, 734 F.3d at 225. Moreover, any deficiencies in the Assignment would merely render it voidable, not void. *Id.*

As for category (2), Klein argues 24 C.F.R. § 203.604 was incorporated into the Deed of Trust through Paragraph 9(d). Orig. Pet., ¶ 14. Section 203.604 states in certain circumstances "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604. According to Klein, Wells Fargo's alleged violation of 24 C.F.R. § 203.604 amounts to a breach of contract. Orig. Pet., ¶ 14.

As other courts have observed, however, the regulations govern relations between the mortgagee and the government, and give the mortgagor no claim for duty owed or for the failure to follow said regulations. *See Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 360–61 (5th Cir. 1977). Relatedly, courts have found there is no private right of action for failure to comply with HUD regulations promulgated under the National Housing Act (NHA). *See, e.g., Lindsey v. JPMorgan*

*Chase Bank Nat. Ass'n*, No. 3:12-CV-4535-M-(BH), 2013 WL 2896897, at \*7 (N.D. Tex. June 13, 2013) ("With respect to the National Housing Act . . . and the corresponding HUD regulations, courts in this Circuit have found that their objective is not to provide mortgagors with a private remedy for a mortgagee's failure to follow, but that they deal only with the relations between the mortgagee and the [federal] government.") (citations and quotations omitted); *Holloway v. Wells Fargo Bank, N.A.*, No. 3:12-CV-2184-G (BH), 2013 WL 1187156, at \*18 (N.D. Tex. Feb. 26, 2013) ("It is well established that the NHA and the [HUD] regulations promulgated thereunder deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to a duty owed nor remedy for failure to follow.") (quotations omitted); *Bassie v. Bank of Am., N.A.*, No. 4:12–CV–00891, 2012 WL 6530482, at \*3 (S.D. Tex. Dec. 13, 2012) ("[P]laintiffs' breach of contract claim based on Bank of America's alleged failure to comply with regulations of [HUD] must be dismissed because those regulations, too, do not provide for a private cause of action.").

Even when the HUD regulations are supposedly incorporated into a deed of trust, courts have still found alleged violation of these regulations does not amount to a private cause of action. *See, e.g.*, *Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 WL 1901975, at \*5 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.); *Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at \*3–4 (N.D. Tex. Mar. 4, 2008) (mem. op.); *Legette v. Wash. Mut. Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at \*5 (N.D. Tex. Oct. 19, 2005) (finding no private right of action notwithstanding referenced HUD regulations in note and deed of trust). In *Hornbuckle*, the borrower claimed the defendants breached the deed of trust by, among other things, failing to obtain HUD approval before attempting to foreclose. *See Hornbuckle*, 2011 WL 1901975, at \*5. Faced with claims based on purported violations of HUD regulations that were

-10-

allegedly incorporated into a deed of trust, the Second Court of Appeals affirmed the trial court's summary judgment in favor of defendants and held the borrower had "no private right of action regarding any alleged failure by appellees to follow HUD regulations, *even those incorporated into the deed of trust.*" *Id.* (emphasis added).

Finally, Klein's breach of contract claim fails because she failed to comply with the deed of trust. Under Texas law, the elements of a breach of contract claim are: (1) there is a valid, enforceable contract; (2) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach caused the plaintiff injury. *Winchek v. Am. Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Klein admits she "defaulted on payments." Orig. Pet., Ex. 3. Consequently, Klein cannot satisfy the elements of her breach of contract claim.

Because there is no private right of action for failure to comply with HUD regulations, even when incorporated into a deed of trust, and because Klein has admittedly breached the deed of trust herself, her breach of contract claim must be dismissed.

As for category (3), "the DTPA grants consumers a cause of action for false, misleading, or deceptive acts or practices." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) (citing Tex. Bus. & Com. Code § 17.50(a)(1); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980)). Again, Klein's claims of false, misleading, or deceptive acts are based on the theory Wells Fargo did not validly hold the Deed of Trust, making its behavior in connection with the foreclosure illegal, fraudulent, and invalid. Because Klein cannot challenge the Assignment, her claims fail. Additionally, Klein cannot recover under the DTPA because she is not a "consumer," as the statute

defines the term. The Texas Supreme Court has held a person who seeks only to borrow money is not a consumer under the DTPA because money is not a good or service. *See Riverside Nat'l Bank*, 603 S.W.2d at 174–75. The Fifth Circuit has further clarified a mortgagor is not a consumer if "the basis of her claim is the subsequent loan servicing and foreclosure activities rather than the goods or services acquired in the original transaction." *Rojas*, 571 F. App'x at 279 (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013)).

In sum, Klein fails to state a claim against Defendants Wells Fargo and MERS under Rule 12(b)(6), and the Court grants their motion.

## Conclusion

Defendants' removal of this case based on diversity jurisdiction was proper because the non-diverse Defendants were improperly joined. Moreover, Klein's allegations fail to state a claim against any of the Defendants upon which relief can be granted. As a result, the Court grants AmeriPro, Wells Fargo, and MERS's motions to dismiss, leaving only Buckley Madole as the remaining Defendant. The "Case Summary" from the state court file indicates Buckley Madole was not served while the case was in state court. *See* Notice Removal [#1-1], Ex. A (Case Summary). In addition, there is no record of service since the case was removed to this Court, and Buckley Madole has not made an appearance. Given this situation and Klein's failure to state a claim against Buckley Madole, as explained above, the Court sees no reason to keep this case open on account of Buckley Madole. Therefore, the Court dismisses all claims against all Defendants, and closes the case.

As noted above, this is the second lawsuit Klein filed in an effort to prevent foreclosure on the Property. Both were filed in state court, both were removed, and both ultimately resulted in a

dismissal without prejudice.  If this Court encounters a third try, it will dismiss the case with prejudice.  All litigation, both good and bad, must eventually come to an end.

Accordingly,

IT IS ORDERED that Plaintiff Shirley Klein's Motion to Remand [#6] is DENIED;

IT IS FURTHER ORDERED that Defendant AmeriPro Funding, Inc.'s Motion to Dismiss [#4] is GRANTED, and all claims against AmeriPro are DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss [#10] is GRANTED, and all claims against Wells Fargo and MERS are DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that all claims against Buckley Madole, P.C. are DISMISSED WITHOUT PREJUDICE.

SIGNED this the _3ᵃᵈ_ day of November 2014.


_____

SAM SPARKS
UNITED STATES DISTRICT JUDGE